IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JONES,<br><br>PLAINTIFF,<br><br>v.<br><br>VEOLIA NORTH AMERICA, LLC,<br><br>and<br><br>VICINITY ENERGY, INC.<br><br>DEFENDANTS. | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff William Jones, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages and other relief on behalf of Plaintiff William Jones (hereinafter "Plaintiff" or "Mr. Jones"), a former employee of Veolia North America, LLC ("Veolia"). Upon information and belief, Veolia's district energy operation were subsequently sold to Vicinity Energy, Inc. ("Vicinity") (collectively, Veolia and Vicinity are referred to as "Defendants" or the "Company").[1] Despite his excellent performance during his employment with Veolia, Mr. Jones was harassed and discriminated against on the basis of his

---

[1] Upon information and belief, after Mr. Jones' employment with Veolia ended, on December 30, 2019, Veolia sold its district energy operations, which included the Philadelphia site at which Mr. Jones worked, to Vicinity.

age, his race, and his disability or perceived disability, and was terminated as a result of such discrimination.

2. This action arises under the American with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. All conditions precedent to the institution of this suit have been fulfilled. On August 14, 2020, Plaintiff timely filed a Charge of Discrimination against both Veolia North America, LLC and Vicinity Energy with the United States Equal Employment Opportunity Commission ("EEOC"). On September 26, 2020, the EEOC issued Notices of Right to Sue to Plaintiff, one for the Charge against defendant Veolia North America, LLC and the other for the Charge against Vicinity Energy. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notices.

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

7. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendants in this jurisdiction.

## PARTIES

8. Plaintiff William Jones is an adult African-American male, aged 59, and resident of Swedesboro, New Jersey and the United States of America.

9. Mr. Jones is a qualified individual with a disability within the meaning of the ADA.

10. Mr. Jones' disability affects a major bodily function and substantially limits one or more major life activities.

11. Mr. Jones' disability has affected him for a period far in excess of six months.

12. Veolia North America is a Delaware corporation, based in Boston, Massachusetts, with an office in Philadelphia, Pennsylvania, which works with organizations to address their environmental and sustainability challenges in water, waste and energy.

13. Vicinity is a Delaware corporation with its corporate headquarters in Boston, Massachusetts, with a location in Philadelphia, Pennsylvania, that produces and distributes steam, hot water and chilled water through a network of underground pipes to provide heating, cooling, humidification, sterilization and other services to customers.

14. At all relevant times, Defendants are and have been employers employing more than 50 employees.

15. At all relevant times, employees of Defendants acted as agents and servants for Defendants.

16. At all relevant times, employees of Defendants were acting within the scope of their authority and in the course of their employment under the direct control of Defendants.

17. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

18. At all relevant times hereto, Plaintiff William Jones was an "employee" of Defendants within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

19. At all relevant times hereto, Defendants were an "employer" and/or "person" under the laws at issue in this matter and are accordingly subject to the provisions of said laws.

20. During his employment, Defendants regarded Mr. Jones as disabled.

21. This cause of action arose out of transactions or occurrences that took place in whole or in part in Philadelphia, Pennsylvania.

22. Defendants conduct substantial business within Philadelphia, Pennsylvania.

23. This Honorable Court has personal jurisdiction over the Defendants.

**FACTS**

24. Mr. Jones is highly skilled and has significant experience in the refinery industry.

25. Beginning on February 1, 2019, Mr. Jones was employed full-time as an Auxiliary Operator at Veolia North America, LLC ("Veolia") at Veolia's Philadelphia location at 2600 Christian Street, Philadelphia, PA 19146.

26. Upon information and belief, during Mr. Jones' employment, Veolia's Philadelphia location was part of Veolia's district energy operations.

27. During his employment with the Company, Mr. Jones performed his duties in an excellent, hardworking and dedicated manner.

28. Despite his loyalty and consistent performance, however, Mr. Jones was harassed and discriminated against on the basis of his age, his race, and his disability or perceived disability, and was terminated as a result of such discrimination.

29. Throughout his employment with Defendants, Mr. Jones was treated differently than others on the basis of his race, age and disability or perceived disability.

30. Notably, in or about June 2019, Mr. Jones suffered from severe bowel obstructions and was compelled to take a short medical leave of absence for treatment of his disability.

31. During this leave, Mr. Jones underwent a colostomy procedure, and he continues to suffer from his disability through the present.

32. Upon his return from this medical leave in September 2019, Defendants arbitrarily chose to extend Mr. Jones' probationary period, without informing him.

33. Shortly thereafter, on October 30, 2019, Defendants terminated Mr. Jones without any legitimate basis.

34. Defendants' alleged "grounds" for termination demonstrate that such reasons were mere pretext for discrimination.

35. Mr. Jones was told that he had "poor communication skills" and did not complete training.

36. However, Mr. Jones had taken certain training courses, and, in any event, has extensive background and experience in the industry for which he received significant training.

37. Moreover, Defendants never indicated to Mr. Jones that failure to complete any particular training would result in termination, and Mr. Jones is aware of at least one other employee who was not in protected classes and who had not completed his training but who was not terminated.

38. Nor did Defendants ever provide any notice or indication to Mr. Jones that he had "poor communication skills" (which skills, in any event, are not required for his position).

39. This demonstrates that Defendants had no legitimate reason to terminate Mr. Jones, and that the real reason for Mr. Jones' termination was discrimination on the basis of his disability or perceived disability, his age and his race.

40. Mr. Jones has also filed an administrative complaint with the Occupational Safety and Health Administration ("OSHA") due to Defendants' unlawful retaliatory acts against Mr. Jones for reporting and complaining about workplace safety issues and for submitting a complaint to OSHA.

41. Based on the foregoing, Mr. Jones has been subjected to discrimination and harassment on the basis of his age, race, disability or because Defendants perceived him to be disabled, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

42. Given his excellent service to the Company, the Company's treatment of Mr. Jones, and the circumstances surrounding his employment and termination, Mr. Jones was

harassed and discriminated against on the basis of his age, race, and disability or perceived disability, culminating in his wrongful termination on October 30, 2019.

43. Mr. Jones has suffered mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendants.

44. Defendants and their agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Jones severe emotional distress.

45. Mr. Jones has suffered financial losses, which include, among other things, lost wages, medical expenses, and an obligation for attorneys' fees and costs of bringing suit, as a proximate result of the actions and inactions of Defendants.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

46. Plaintiff William Jones repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

47. Based on the foregoing, Defendants have engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

48. In discriminating against and harassing Mr. Jones on the basis of his disability and/or because Defendants regarded Mr. Jones as disabled, Defendants violated the ADA.

49. Said violations were intentional and willful.

50. Said violations warrant the imposition of punitive damages.

51. As the direct and proximate result of Defendants' violation of the Americans with Disabilities Act, Plaintiff William Jones has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

52. Plaintiff William Jones repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

53. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of the ADEA.

54. Mr. Jones is and was at the time of his termination, over forty years of age, and an individual within the class protected by the ADEA.

55. In discriminating against and harassing Mr. Jones because of his age, Defendants violated the ADEA.

56. Defendants' violations were intentional and willful.

57. Defendants' willful violations of the ADEA warrant an award of liquidated damages.

58. As the direct result of the aforesaid unlawful employment practices engaged in by Defendants, Plaintiff William Jones has sustained a loss of earnings, loss of severance, retirement and other benefits, loss of incentive and bonus payments, severe emotional and psychological distress, loss of self-esteem, loss of reputation and opportunity for career advancement, loss of future earning power, as well as back pay, front pay and interest due thereon.

## COUNT III
### The Civil Rights Act of 1866, 42 U.S.C. § 1981

59. Plaintiff William Jones repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

60. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

61. In discriminating against and harassing Mr. Jones on the basis of his race, and in terminating Mr. Jones, Defendants violated the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

62. Said violations were intentional and willful.

63. Said violations warrant the imposition of punitive damages.

64. As the direct and proximate result of Defendants' violations of Section 1981, Plaintiff William Jones has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as interest due thereon along with and/or in addition to the damages and losses set forth herein.

## COUNT IV
### Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)

65. Plaintiff William Jones repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

66. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of Title VII.

67. In discriminating against and harassing Mr. Jones on the basis of his race, and in terminating Mr. Jones, Defendants violated Title VII.

68. Said violations were intentional and willful.

69. Said violations warrant the imposition of punitive damages.

70. As the direct and proximate result of Defendants' violations of Title VII, Plaintiff William Jones has sustained a loss of earnings, severe emotional and psychological distress, loss

of self-esteem, loss of future earning power, as well as interest due thereon along with and/or in addition to the damages and losses set forth herein.

## PRAYER FOR RELIEF

71. Plaintiff William Jones repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff William Jones respectfully requests that this Court enter judgment in his favor and against Defendants Veolia North America, LLC and Vicinity Energy, and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and wrongful termination;

c. Defendants to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendants' unlawful conduct;

d. Defendants to pay Plaintiff punitive damages;

e. Defendants to pay Plaintiff liquidated damages;

f. Defendants to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g. Defendants to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

h. Plaintiff be granted any and all other remedies available under Title VII, Section 1981, the ADA and ADEA; and

      i. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff William Jones hereby demands trial by jury as to all issues so triable.

> */s/ Christopher A. Macey, Jr.*
> Christopher A. Macey, Jr., Esquire
> Bell & Bell LLP
> One Penn Center
> 1617 JFK Blvd. – Suite 1254
> Philadelphia, PA 19103
>
> *Attorneys for Plaintiff William Jones*

Dated: November 25, 2020