IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM JONES, | : | |
|    Plaintiff, | : | |
| | : | |
|    v. | : | CIVIL ACTION NO. 20-06212 |
| | : | |
| VEOLIA NORTH AMERICA, LLC, | : | |
| | : | |
|    And | : | |
| | : | |
| VICINITY ENERGY PHILADELPHIA, INC. | : | |
| | : | |
|    Defendants. | : | |

**MEMORANDUM OPINION**

Plaintiff William Jones brings this employment discrimination suit against Defendants Veolia North America, LLC ("Veolia NA") and Vicinity Energy Philadelphia, Inc., alleging that he was improperly fired after taking medical leave. Plaintiff alleges that he worked for both Veolia NA and its subsidiary, Veolia Energy Philadelphia, Inc. ("Veolia Philadelphia"), that Veolia Philadelphia was subsequently sold and renamed Vicinity Energy Philadelphia, Inc., ("Vicinity"). Vicinity has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing only that it is not a proper defendant in this action. For the reasons that follow, the motion shall be denied.

I.     FACTUAL ALLEGATIONS

From February 1, 2019 to October 30, 2019, when he was fired, Plaintiff was employed as a full-time Auxiliary Operator at an energy facility, by (according to his Complaint) both

1

Veolia NA and Veolia Philadelphia. Two months later, after he was terminated, Veolia NA sold 100% of its stock in Veolia Philadelphia to another entity, AIP Project Franklin Bidco, Inc. The next day, Veolia Philadelphia's name was changed to Vicinity Energy Philadelphia.

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

## III.  DISCUSSION

Although Plaintiff raises numerous employment discrimination claims in his Complaint, the only issue Vicinity addresses in its Motion to Dismiss is whether it is a proper Defendant in this action. It argues that it has never employed Plaintiff, and that its codefendant, Veolia NA, was Plaintiff's sole employer during the relevant time period. In support of its argument, Vicinity has attached a declaration of Robert Arendell, its General Counsel. Vicinity requests that the Arendell declaration be considered to establish that it is not a proper defendant in this case.

At the motion to dismiss stage, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). As an exception to this general rule, courts may also

consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."[1] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994).  Here, both Plaintiff and Veolia dispute the authenticity and the contents of the Arendell declaration.  The declaration will therefore not be considered, leaving only the statements pled in the Complaint.

Viewing the allegations in the light most favorable to the non-moving party, Plaintiff has sufficiently pled that Vicinity is a proper defendant in this case.  Plaintiff's Complaint alleges that he was an employee of both Veolia NA and Veolia Philadelphia during the relevant time period, and that Veolia Philadelphia was subsequently sold and renamed Vicinity Energy Philadelphia, Inc..  Plaintiff does not claim that Veolia Philadelphia merged with another company, or ceased to exist; rather, he alleges that Veolia Philadelphia is the same entity as Vicinity, and merely operates with a new owner and a new name; and is therefore still liable to him.

Vicinity invokes the principle of successor liability to argue that it is not liable because Plaintiff's claims arose before its sale and name change.  Under that doctrine, a "successor" company may only be liable to an employee of a "predecessor" company if the following conditions are met: (1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and, (3)

---

[1] Vicinity has also attached several other documents to its Motion to Dismiss, including two certificates of Public Convenience, and numerous purchase and sale agreements.  However, these documents are not integral to or explicitly relied on in the Complaint and, accordingly, may not be considered on a motion to dismiss.

ability of the predecessor to provide adequate relief directly.  *Rego v. ARC Water Treatment Co. of Pennsylvania*, 181 F.3d 396, 402 (3d Cir. 1999).

In light of Plaintiff's allegations that Veolia Philadelphia and Vicinity are not "predecessor" and "successor" companies, but are rather one and the same, Vicinity's argument is premature.  The application of successor liability may, of course, be raised again at summary judgment after discovery.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Dismiss is denied.  An appropriate order follows.

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**